UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

         Plaintiff,

v.                                    **Case No.: 97 CR 98**

**DAVID A. KADLEC,**

         Defendant.

**MEMORANDUM IN SUPPORT OF MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2)**

### PROCEDURAL HISTORY

The defendant was charged with 16 other individuals in a multi-count indictment stemming from activities alleged to have been perpetrated by the Outlaw Motorcycle Club. Mr. Kadlec was alleged to have engaged in acts of Racketeering and being a party to a Conspiracy to Commit Racketeering in violation of 18 U.S.C. §1962(c) and 18 U.S.C. §1962(d), hereinafter referred to respectively as Counts 1 and 2. (Docket No. 1, p. 16-44). In the superceding indictment filed on November 10, 1998, the defendant was charged with the same offenses including Acts 2, 7, and 10 of Count 1. (Docket No. 793). A jury found Mr. Kadlec guilty of Acts 2 and 10 in Count 1, as well as guilty of Count 2. He was acquitted of act 7.

Act 2 charged the defendant and others with the murder of Donald Wagner. More particularly, the government maintained that

-1-

the victim was killed at a boat launch in Racine, Wisconsin on August 23, 1992 as he was about to deliver marijuana to the defendant. The government alleged at trial that co-defendant Miller shot Wagner in the head, at co-defendant O'Neil's direction. The government never asserted that the defendant killed Wagner, but rather, that he set him up for the theft and shooting. (PSR, p. 4).

At trial, the government introduced evidence in support of Act 10 that co-defendants O'Neil, Kruppstadt, Schneider, Mrock, Blake, Rostrom, and Kadlec went to the Illiana Speedway in Shereville, Indiana to confront members of the rival Invaders Motorcycle Club. Various members of the Outlaws met to prepare for the encounter prior to traveling to Illiana. The prosecution further claimed that, in anticipation of the confrontation, a directive was given to shoot any Invader who placed himself in a specific position at the Speedway. The Outlaw Club members traveled to Illiana but no confrontation occurred because no Invaders were present. (PSR, p. 8-9).

On October 12, 2000, this Court sentenced Mr. Kadlec as follows: Count 1: life, and Count 2: life, to be served concurrently. (Docket No. 1676). In doing so the Court found that the defendant's offense level pursuant to the sentencing guidelines, was 45 and that his criminal history level was Category IV. (Docket No. 1676).

**THE COURT'S SENTENCING ANALYSIS**

-2-

At sentencing, the Court accepted the facts set forth in the PSR and as modified through subsequent addenda. (Docket No. 1922, p. 7). It determined that the calculations set forth in paragraphs 133-136 were accurate. (Docket No. 1922, p. 7-8). These paragraphs concluded, inter alia, that Count 1 and Count 2 were grouped, but that their separate and individual calculations were different. The Court found that the guideline for the violation of 18 U.S.C. §1962(c) and (d) and (2) was that set forth in U.S.S.G. §2E1.1(a)(1) and (2) which states that the base offense level is 19 or the offense level applicable to the underlying Racketeering activity, whichever is higher. Paragraph 135, as adopted by the Court, additionally provided the following information:

> Pursuant to Application Note 1, where there is more than one underlying offense, treat each underlying offense as if contained in a separate count of conviction for the purposes of subsection (a)(2). To determine whether subsection (a)(1) or (a)(2) results in a greater offense level, apply Chapter Three, Parts A, B, C and D to both (a)(1) and (a)(2) and use whichever subsections result in greater offense level. (PRS, p. 30).

The Court also agreed with the PSR writer's conclusion that the base level for Count 1, Act 2 was 43 in reliance upon the following analysis:

> Base Offense Level: The underlying conduct for Act 2, conspiracy to commit murder, is in violation of Sections 940.01(1) and 939.05(1) of the Wisconsin Statutes. Act 2 is a murder in the first degree and found in U.S.S.G. §2A1.1, and has a base offense level of 43. According to the government, Donald Wagner was shot and killed as a remote boat launch on the Fox River in Racine County, Wisconsin. Mr. Wagner went to the boat launch to distribute a load of marijuana to Mr. Kadlec. And Outlaw

member, Randy Miller, shot Mr. Wagner in the head. Therefore, based on the above, his base offense level is 43. (PSR, p. 30).

The Court then found that the base level for Act 10 was 28. The multiple count adjustment pursuant to U.S.S.G. §3D1.4 required that the controlling adjusted offense level for sentencing was 43. The Court additionally increased the combined adjusted base level because of its finding that Mr. Kadlec had obstructed justice. As a result, total offense level for the two counts was 45. (Docket No. 1922, p. 14).

Prior to sentencing, Mr. Kadlec's trial attorney filed objections which asserted that the statutory maximum for the Wagner death was 20 years rather than life. Instead, he maintained that the applicable guideline provision was either U.S.S.G. §2A1.2: Second Degree Murder, or 2A1.3: Voluntary Manslaughter. Counsel urged the Court to conclude that Kadlec was present at the time that Wagner was killed for the sole purpose of taking marijuana from Wagner and that he did not have an intent to kill the individual. As such, that there was no proof that the murder was premeditated. Therefore, according to the defense, the correct applicable base offense level was either 33 or 25. (Docket No. 1922, p. 15-18).

**ARGUMENT**

The Court ultimately determined, based upon the directives set forth in Paragraphs 135-147, that the controlling guideline

-4-

required sentencing to the highest level between offense level 19 and that offense level applicable to the underlying Racketeering activity. The Court agreed with the government and the author of the PSR that that determination was governed by its conclusion that Act 2 of Count 1 constituted Murder in the First Degree as found in U.S.S.G. §2A1.1. That provision requires implementation of a base level 43. U.S.S.G. §1B1.1(a) contained the following language:

> Determine the applicable offense guideline section from Chapter Two. <u>See</u> §1B1.2 (Applicable Guidelines). The Statutory Index (Appendix A) provides a listing to assist in this determination.

The actual charged offense in Count 1, Act 2 was Conspiracy to Commit Murder in violation of Wis. Stats. §940.01(1) and §939.05(1). The Court's base level finding was reached despite trial counsel's objection and his argument that the appropriate base level offense for the count was that found in the guideline provision for either Second Degree Murder or Manslaughter, to wit: U.S.S.G. §2A1.2, 33 or U.S.S.G. §2A1.3, 25. It was defense counsel's position that utilization of the First Degree Murder guideline (43) was inappropriate because there was no indication that the defendant, Kadlec, had an intent to kill. It was the further argument of counsel that the premeditation requirement for proof of First Degree Murder was missing. Counsel further maintained that the government was wrong in its assertion that the premeditation aspect of First Degree Murder was proven on the grounds of reasonable foreseeability.

Amendment 591 to the United States Sentencing Guidelines became effective November 1, 2000. The Seventh Circuit Court of Appeals has found Amendment 591 to be applicable retroactively. *U.S. v. Kosmel*, 272 F.3d 501, 507-08 (7th Cir. 2001). The amendment provides, inter alia, that U.S.S.G. §1B1.1 is amended by striking Section A in it's entirety and inserting the following:

> Determine, pursuant to §1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. See §1B1.2.

U.S.S.G. §1B1.2(a), which was in effect at the time of sentencing provided as follows:

> Determine the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted). Provided, however, in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense.

Amendment 591 struck the word "most" where it appeared and struck "Provided, however" and inserted "However" and by adding at the end of the provision, the following:

> Refer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction. If the offense involved a conspiracy, attempt, or solicitation, refer to §2X1.1 (Attempt, Solicitation, or Conspiracy) as well as the guideline reference in the Statutory Index for the substantive offense. For statutory provisions not listed in the Statutory Index, use the most analogous guideline. See §2X5.1 (Other Offenses). The guidelines do not apply to any count of conviction that is a Class B or

-6-

C misdemeanor or an infractions. See §1B1.9 (Class B or C Misdemeanors and Infractions).

One consequence of Amendment 591 is that the Court must now refer to Appendix A to determine the Chapter Two offense guideline. Appendix A provided that the applicable guideline provision for a violation of 18 U.S.C. §1962(c) and 18 U.S.C. §1962(D) is §2E1.1. As was indicated before, §2E1.1 requires imposition of a sentence, the greater of which is between level 19 and that for the applicable underlying Racketeering activity. However, to follow the dictate of §2E1.1 and use the greater of the two offense levels is inconsistent with and defeats the purpose of Amendment 591. The charge of Murder is not a statutory index offense. As such, the default base offense level for Count 1, Act 2 is 19.

Dated at Milwaukee, Wisconsin this 23rd day of August, 2013.

Respectfully submitted,

/s/ *Robert G. LeBell*

Robert G. LeBell, SBN 01015710
Attorney for Defendant
309 N. Water Street, Suite 350
Milwaukee, Wisconsin  53202
(414) 276-1233