UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case No. 97-CR-98

DAVID A. KADLEC,

        Defendant.\

**GOVERNMENT RESPONSE TO DEFENDANT'S
MOTION TO REDUCE SENTENCE**

The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Carol L. Kraft, Assistant United States Attorney, hereby submits the government's response to David Kadlec's motion to reduce sentence.

## BACKGROUND

The defendant was named in a seven-count superseding indictment charging him and sixteen other members and associates of the Outlaws Motorcycle Club with multiple acts of racketeering and related offenses. Kadlec was charged in Count One with conducting and participating in the conduct of the affairs of an enterprise, through a pattern of racketeering, in violation of Title 18, United States Code, Section 1962(c). He was named in three racketeering predicates, specifically, Racketeering Act 2, alleging that Kadlec and others did commit an act involving murder, that is, with intent to kill, they did cause the death of Donald Wagner aka Domino, a human being, in violation of Sections 940.01(1) and 939.05 of the Wisconsin Statutes;

1

Racketeering Act 7, alleging interstate travel to (a) commit arson in violation of Minnesota Statutes, Section 609.562; (b) destroy property in violation of Minnesota Statutes, Sections 609.562 and 609.05; and (c) cause the death of another in violation of Minnesota Statutes, Sections 609.185(3), 609.562, 609.17, and 609.05; and Racketeering Act 10, alleging that Kadlec and others did commit an act of murder, specifically that they did combine, conspire, confederate and agree to kill members of the Invaders Motorcycle Club and in furtherance, one or more traveled to Lake County, Indiana while armed with dangerous weapons to confront Invaders, in violation of Indiana Statutes, Sections 35-42-1-1, 35-41-5-2, and 35-41-2-4.

Kadlec was also charged in Count Two with conspiracy to participate in the conduct of the affairs an enterprise through a pattern of racketeering, in violation of Title 18, United States Code, Section 1962(d).

In June, 2000, a jury determined that Racketeering Acts 2 and 10 were proven as to Kadlec and they found him guilty of Counts One and Two.

Kadlec was sentenced in October 2000. The Court adopted the factual statements and guideline calculations in the PSR which determined Kadlec to have a base offense level of 43, and based on an upward adjustment for obstruction, an adjusted offense level of 45. On October 12, 2000, the Court sentenced Kadlec to life in prison on Count One and life in prison on Count Two, with the two sentences to be served concurrently.

The defendant now moves for a sentence reduction pursuant to Title 18, United States Code, Section 3582(c)(2) and U.S.S.G.§ 1B1.10. He contends that Amendment 591 to the United States Sentencing Guidelines, effective November 1, 2000, was found to be retroactively applicable by the Seventh Circuit and requires a reduction of his base offense level from 43 to

19, and accordingly, a reduction of his sentence. For the reasons set forth below, the defendant's motion for a sentence reduction should be denied.

## DISCUSSION

Title 18, United States Code, Section 3582(c)(2) allows a court to modify a term of imprisonment once imposed in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the sentencing commission. The statute does not require the court to reduce the sentence, but rather provides that the court may do so after considering the 3553(a) factors to the extent they are applicable, if the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the instant case, the guideline amendment that Kadlec relies on does not serve to lower the sentencing range applicable to him, and his sentence cannot be reduced on that basis.

### I.    The 591 Guideline Amendment

Amendment 591 makes changes to Section 1B1.1 (a) and 1B1.2 (a) and certain commentary in the guideline manual section entitled PART B-GENERAL APPLICATION PRINCIPALS; to the commentary to U.S.S.G. § 2D1.2, (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals; Attempt or Conspiracy); and to the introduction to the Statutory Index (Appendix A). Those changes, however, do not alter the guideline analysis as it pertains to Kadlec's offense level. *See* 591 Amendment, *United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, Amendments to Guidelines Manual,* November 1, 1998, through November 1, 2000, p. 29-32, attached to this memorandum as Exhibit 1.

As the defendant notes, before the implementation of Amendment 591, U.S.S.G. § 1B1.1 (a) read as follows:

3

Determine the applicable offense guideline section from Chapter Two. See § 1B1.2 (Applicable Guidelines.) The Statutory Index (Appendix A) provides a listing to assist in this determination.

Amendment 591 struck U.S.S.G. § 1B1.1 (a) in its entirety and replaced it with the

following language:

Determine, pursuant to §1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. See § 1B1.2.

Amendment 591 also made changes in U.S.S.G. § 2B1.2 (a), Applicable Guidelines.

Prior to the amendment, the guideline section read:

Determine the offense guideline section in Chapter Two, (Offense Conduct) most applicable to the offense of conviction (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted). Provided, however, in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense.

The amendment struck and replaced certain wording, resulting in the following provision:

Determine the offense guideline section in Chapter Two (Offense Conduct) applicable to the offense of conviction (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted). However, in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two applicable to the stipulated offense.

Refer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction. If the offense involved a conspiracy, attempt, or solicitation, refer to § 2X1.1 (Attempt, Solicitation, or Conspiracy) as well as the guideline referenced in the Statutory Index for the substantive offense. For statutory provisions not listed in the Statutory Index, use the most analogous guideline. See § 2X5.1 (Other Offenses). The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or infraction. See § 1B1.9 (Class B and C Misdemeanors and Infractions).

Thus the amendment removed the directive that the offense guideline should be that "most" applicable to the offense of conviction and directed that the guideline be that which *is* applicable to the offense of conviction.

In addition to modifying the language of U.S.S.G. §§ 1B1.1 (a) and 1B1.2 (a), Amendment 591 changed some of the Application Notes. Note 3, to §1B1.2(a), which allowed the court to consider the actual conduct of the offender, even when the conduct did not constitute an element of the offense, was eliminated and Notes 4 and 5 were renumbered to become Notes 3 and 4.

Note 1 of the Commentary to § 2D1.2, (governing the calculation of Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals; Attempt or Conspiracy) was amended by striking the word "Where," and inserting the following language:

> This guideline applies only in a case in which the defendant is convicted of a statutory violation of drug trafficking in a protected location or involving an underage or pregnant individual (including an attempt or conspiracy to commit such a violation) or in a case in which the defendant stipulated to such a statutory violation. See, §1B1.2 (a).

Finally, Appendix A (Statutory Index) was amended by striking and replacing the entire Introduction.

Prior to the amendment, the introduction read as follows:

> This index specifies the guideline section or sections ordinarily applicable to the statute of conviction. If more than one guideline section is referenced for a particular statute, use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted. If, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted. (See § 1B1.2.)
>
> If the offense involved a conspiracy, attempt or solicitation, refer to § 2X1.1 as well as the guideline for the substantive offense.
>
> For those offenses not listed in this index, the most analogous guideline is to be applied. (See to § 2X5.1).

The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. (See § 1B1.9.)

Amendment 591 changed the introductory language to the following:

This index specifies the offense guideline section(s) in Chapter Two (Offense Conduct) applicable to the statute of conviction. If more than one guideline section is referenced for a particular statute, use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted. For the rules governing the determination of the offense guideline section(s) from Chapter Two, and for any exceptions to those rules, see § 1B1.2 (Applicable Guidelines.)

As explanation for Amendment 591, the Sentencing Commission stated that the changes were intended to address a circuit conflict regarding whether the enhanced penalties in § 2D1.2, (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals; Attempt or Conspiracy) apply only in a case in which the defendant was convicted of an offense referenced to that guideline, or alternatively, in any case in which the defendant's relevant conduct involved the sale of drugs in a protected location or involved a protected individual. The Commission also noted that case law had raised a similar issue regarding the selection of a Chapter Two (Offense Conduct ) guideline different from that referenced in the Statutory Index (Appendix A) based on factors other than the conduct charged in the offense of conviction. The Commission noted that this was of particular concern in cases involving both fraud and deceit and money laundering.

The Commission explained that the amendments to §§ 1B1.1 (a), 1B1.2 (a) and the Statutory Index commentary were intended to clarify the interrelationship among the provisions and to emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index for the offense of conviction unless the case falls within the limited stipulation exception set forth in§1B1.2 (a). The Commission's explanation reflects a two-fold concern:

6

first that enhanced penalties not be applied in the guideline offense calculation unless the conduct that triggers the enhancement is an element of the offense, and on the flip side, that the court not decline to apply a guideline offense calculation based on an offender's conduct as opposed to the offense of conviction.

**II.     The Defendant's Argument**

Based on the actual changes resulting from Amendment 591 and the underlying reasons for those changes, that is, to insure that courts base the guideline calculation on the offense of conviction rather than on conduct that is not an element of the offense, there is no basis to conclude that Amendment 591 had any effect on Kadlec's offense level at all. For the following reasons, his contentions in support of a reduction are without merit.

First, Kadlec contends that as the result of Amendment 591, the court must refer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline. Any suggestion that the Court did not do so here is incorrect. As reflected in the PSR, the Court did refer to the Statutory Index (Appendix A) to determine that the guideline provision applicable to violations of Title 18, United States Code, Sections 1962 (c) and (d), is U.S.S.G. § 2E1.1. And, as directed by application Note 2 to U.S.S.G.§ 2E1.1, the Court applied to the underlying state racketeering offenses, the guideline offense levels most analogous to corresponding federal offenses. Specifically the Court found first degree intentional homicide PTAC, in violation of Wisconsin Statutes, Sections 940.01 and 939.05, as charged in Racketeering Act 2, to be analogous to first degree murder, in violation of Title 18, United States Code, Section 1111(a) and properly applied offense level 43 as directed by U.S.S.G § 2A1.1. The Court further found conspiracy to commit murder, in violation of Indiana Statutes, Sections 35-42-1-1, 35-41-5-2, and 35-41-2-4, as charged in Racketeering Act 10, to be analogous to conspiracy to commit murder in violation of

7

Title 18, United States Code, Section 1117, and properly applied offense level 28 as directed by U.S.S.G § 2A1.5. After separately computing the individual offense levels, the Court then applied the grouping rules of U.S.S.G. § 3D1.4 to arrive at a combined adjusted base offense level of 43.

Kadlec also erroneously maintains that the court should have used the U.S.S.G. § 2E1.1 default offense level of 19 in reference to Racketeering Act 2. He bases his position on an assertion that murder is not a Statutory Index (Appendix A) offense. This assertion is also incorrect. As noted in the foregoing discussion, the Statutory Index (Appendix A) does contain a reference to the federal crime of first degree murder and the Court properly applied the offense level for that offense to the analogous state crime under the directives of U.S.S.G.§ 2E1.1. Nothing in Amendment 591 altered the directives of U.S.S.G. § 2E1.1 or changed a court's ability rely on analogous offenses where specific offenses do not appear in the Statutory Index. With the implementation of Amendment 591, the following directive in U.S.S.G. § 1.B.2 (a) remains in place:

> Refer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction. If the offense involved a conspiracy, attempt, or solicitation, refer to § 2X1.1 (Attempt, Solicitation, or Conspiracy) as well as the guideline referenced in the Statutory Index for the substantive offense. *For statutory provisions not listed in the Statutory Index, use the most analogous guideline. See § 2X5.1 (Other Offenses)* (emphasis added).

Finally, contrary to Kadlec's position, the reasons for Amendment 591 provide support for the defendant's life sentence. As noted by the Commission, the amendment is intended to insure that the court applies the offense level for the actual offense of conviction rather than an offense level based on conduct which is not an element of the offense. Contrary to the argument of Kadlec's trial counsel who urged that his conduct was more in the nature of second degree murder or manslaughter, the actual offense for which Kadlec was charged and convicted in

8

Racketeering Act 2 is the substantive offense of first degree intentional homicide as a party to the crime. Specifically, the indictment alleged that Kadlec and others caused the death of Donald Wagner, in violation of Wisconsin State Statutes, Sections 940(01(1) and 939.05(1).

Section 940.01 Wis. Stats., applicable at the time of the offense provided as follows:

> **First-Degree Intentional Homicide**. (1) Offense. Except as provided in sub. (2), whoever causes the death of another human being with intent to kill that person or another, is guilty of a Class A felony. [1]

Section 939.05, which is similar in operation to Title 18, United States Code, Section 2, defines different ways a defendant may be criminally liable as a principal. Section 939.05 (1), Wis. Stats. as applicable at the time of the offense provided as follows:

> **Parties to crime.** (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of a crime although the person did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or some other crime based on the same act.

The jury was instructed as to the elements of the offense of first-degree intentional homicide and the definition of party to a crime, and based on the evidence presented at trial, determined that the offense of first degree intentional homicide, party to a crime, had been proven as to Kadlec.

Because Kadlec was convicted of the substantive offense of intentional homicide[2] the application of U.S.S.G. § 2A1.1, resulting in the offense level 43 is both a correct application of the Sentencing Guidelines and comports with the Amendment 591 purpose of achieving a guideline offense level that reflects the actual offense of conviction rather than an offense level that is determined by conduct that is outside of the elements of the offense.

---

[1] 940.01(2) enumerates circumstances that would provide an affirmative defense and mitigate the offense to second degree intentional homicide. See 940.01(2) Wis. Stats. No mitigating circumstance evidence was presented for this offense at the defendant's trial.

[2] Kadlec's memorandum is incorrect in asserting that he was "actually" convicted of conspiracy to commit murder in Racketeering Act 2. The indictment clearly charged him with a substantive homicide offense.

9

## CONCLUSON

In the final analysis, Kadlec has failed to demonstrate that Amendment 591 to the Sentencing Guidelines has lowered his offense level so that the court can even consider a sentence reduction under Title 18, United States Code, Section 3582(c)(2). His motion for sentence reduction should be denied.

Government counsel has conferred with United States Probation Officer Lisa Cyrak regarding the defendant's motion and the government's response, and is authorized to represent that USPO Cyrak, on behalf of the probation department, concurs with the government's analysis and conclusion.

Dated at Milwaukee, Wisconsin this 10th day of September, 2013.

          Respectfully submitted,

          JAMES L. SANTELLE
          United States Attorney

By:

          s/CAROL L. KRAFT
          Assistant United States Attorney
          WSB # 1000117
          517 East Wisconsin Avenue
          Milwaukee, Wisconsin 53202
          Telephone: 414 297-1706
          FAX: 414 297-1738
          E-mail: carol.kraft@usdoj.gov