# UNITED STATES SENTENCING COMMISSION GUIDELINES MANUAL

## Supplement to Appendix C

**DIANA E. MURPHY**
Chair

**RUBEN CASTILLO**
Vice Chair

**WILLIAM K. SESSIONS, III**
Vice Chair

**JOHN R. STEER**
Vice Chair

**STERLING JOHNSON, JR.**
Commissioner

**JOE KENDALL**
Commissioner

**MICHAEL E. O'NEILL**
Commissioner

**MICHAEL J. GAINES**
Commissioner, Ex-officio

**LAIRD C. KIRKPATRICK**
Commissioner, Ex-officio

This document contains amendments to the *Guidelines Manual* effective November 1, 1998, May 1, 2000, and November 1, 2000. For amendments effective November 1, 1997, and earlier, *see* main volume of Appendix C.

Case 2:97-cr-00098-JPS   Filed 09/10/13   Page 1 of 5   Document 2060-1

offenses that were not committed for commercial advantage or private financial gain.

This amendment also provides an enhancement of two levels, and a minimum offense level of level 13, if the offense involved the conscious or reckless risk of serious bodily injury or possession of a dangerous weapon in connection with the offense. Testimony received by the Commission indicated that the conscious or reckless risk of serious bodily injury may occur in some cases involving counterfeit consumer products. The Commission determined that this kind of aggravating conduct in connection with infringement cases should be treated under the guidelines in the same way it is treated in connection with fraud cases; therefore, this enhancement is consistent with an identical provision in the fraud guideline.

The amendment also contains an application note expressly providing that the adjustment in §3B1.3 (Abuse of Position of Trust or Use of Special Skill) will apply if the defendant de-encrypted or otherwise circumvented a technological security measure to gain initial access to an infringed item. As stated in the background commentary to §3B1.3, persons who use such a special skill to facilitate or commit a crime generally are viewed as more culpable.

Finally, this amendment contains two encouraged upward departure provisions. The Commission received public comment that indicated that infringement may cause substantial harm to the reputation of the copyright or trademark owner that is not accounted for in the monetary calculation. Public comment also indicated that some copyright and trademark offenses are committed in connection with, or in furtherance of, the criminal activities of certain organized crime enterprises. The amendment invites the court to consider an appropriate upward departure if either of these aggravating circumstances are present.

**Effective date: The effective date of this amendment is May 1, 2000.**

591.    **Amendment:** Section 1B1.1 is amended by striking subsection (a) in its entirety and inserting:

> "(a)    Determine, pursuant to §1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. See §1B1.2.".

Section 1B1.2(a) is amended by striking "most" each place it appears; by striking "Provided, however" and inserting "However"; and by adding at the end the following:

> "Refer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction. If the offense involved a conspiracy, attempt, or solicitation, refer to §2X1.1 (Attempt, Solicitation, or Conspiracy) as well as the guideline referenced in the Statutory Index for the substantive offense. For statutory provisions not listed in the Statutory Index, use the most analogous guideline. See §2X5.1 (Other Offenses). The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. See §1B1.9 (Class B or C Misdemeanors and

Case 2:97-cr-00098-JPS    Filed 09/10/13    Page 2 of 5    Document 2060-1

Infractions).".

The Commentary to §1B1.2 captioned "Application Notes" is amended by striking the first paragraph of Note 1 and inserting the following:

> "This section provides the basic rules for determining the guidelines applicable to the offense conduct under Chapter Two (Offense Conduct). The court is to use the Chapter Two guideline section referenced in the Statutory Index (Appendix A) for the offense of conviction. However, (A) in the case of a plea agreement containing a stipulation that specifically establishes a more serious offense than the offense of conviction, the Chapter Two offense guideline section applicable to the stipulated offense is to be used; and (B) for statutory provisions not listed in the Statutory Index, the most analogous guideline, determined pursuant to §2X5.1 (Other Offenses), is to be used.
>
> In the case of a particular statute that proscribes only a single type of criminal conduct, the offense of conviction and the conduct proscribed by the statute will coincide, and the Statutory Index will specify only one offense guideline for that offense of conviction. In the case of a particular statute that proscribes a variety of conduct that might constitute the subject of different offense guidelines, the Statutory Index may specify more than one offense guideline for that particular statute; and the court will determine which of the referenced guideline sections is most appropriate for the offense conduct charged in the count of which the defendant was convicted. If the offense involved a conspiracy, attempt, or solicitation, refer to §2X1.1 (Attempt, Solicitation, or Conspiracy) as well as the guideline referenced in the Statutory Index for the substantive offense. For statutory provisions not listed in the Statutory Index, the most analogous guideline is to be used. See §2X5.1 (Other Offenses).".

The Commentary to §1B1.2 captioned "Application Notes" is amended by striking Note 3 in its entirety; and by redesignating Notes 4 and 5 as Notes 3 and 4, respectively.

The Commentary to §2D1.2 captioned "Application Note" is amended in Note 1 by striking "Where" and inserting the following:

> "This guideline applies only in a case in which the defendant is convicted of a statutory violation of drug trafficking in a protected location or involving an underage or pregnant individual (including an attempt or conspiracy to commit such a violation) or in a case in which the defendant stipulated to such a statutory violation. See §1B1.2(a). In a case involving such a conviction but in which".

Appendix A (Statutory Index) is amended by striking the entire text of the "Introduction" and inserting the following:

> "This index specifies the offense guideline section(s) in Chapter Two (Offense Conduct) applicable to the statute of conviction. If more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted. For the

Case 2:97-cr-00098-JPS Filed 09/10/13 Page 3 of 5 Document 2060-1

rules governing the determination of the offense guideline section(s) from Chapter Two, and for any exceptions to those rules, see §1B1.2 (Applicable Guidelines).".

The Commentary to §2H1.1 captioned "Application Notes" is amended in Note 1 in the second paragraph by striking "Application Note 5" and inserting "Application Note 4".

**Reason for Amendment:** This amendment addresses a circuit conflict regarding whether the enhanced penalties in §2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual. Compare United States v. Chandler, 125 F.3d 892, 897-98 (5th Cir. 1997) ("First, utilizing the Statutory Index located in Appendix A, the court determines the offense guideline section 'most applicable to the offense of conviction.'" Once the appropriate guideline is identified, a court can take relevant conduct into account only as it relates to factors set forth in that guideline); United States v. Locklear, 24 F.3d 641 (4th Cir. 1994) (finding that §2D1.2 does not apply to convictions under 21 U.S.C. § 841 based on the fact that the commentary to §2D1.2 lists as the "Statutory Provisions" to which it is applicable 21 U.S.C. §§ 859, 860, and 861, but not § 841. "[S]ection 2D1.2 is intended not to identify a specific offense characteristic which would, where applicable, increase the offense level over the base level assigned by §2D1.1, but rather to define the base offense level for violations of 21 U.S.C. §§ 859, 860 and 861."); United States v. Saavedra, 148 F.3d 1311 (11th Cir. 1998) (defendant's uncharged but relevant conduct is actually irrelevant to determining the sentencing guideline applicable to the defendant's offense; such conduct is properly considered only after the applicable guideline has been selected when the court is analyzing the various sentencing considerations within the guideline chosen, such as the base offense level, specific offense characteristics, and any cross references), with United States v. Clay, 117 F.3d 317 (6th Cir.), cert. denied, 118 S. Ct. 395 (1997) (applying §2D1.2 to defendant convicted only of possession with intent to distribute under 21 U.S.C. § 841 but not convicted of any statute referenced to §2D1.2 based on underlying facts indicating defendant involved a juvenile in drug sales); United States v. Oppedahl, 998 F.2d 584 (8th Cir. 1993) (applying §2D1.2 to defendant convicted of conspiracy to distribute and possess with intent to distribute based on fact that defendant's relevant conduct involved distribution within 1,000 feet of a school); United States v. Robles, 814 F. Supp. 1249 (E.D. Pa), aff'd (unpub.), 8 F.3d 814 (3d Cir. 1993) (looking to relevant conduct to determine appropriate guideline).

In promulgating this amendment, the Commission also was aware of case law that raises a similar issue regarding selection of a Chapter Two (Offense Conduct) guideline, different from that referenced in the Statutory Index (Appendix A), based on factors other than the conduct charged in the offense of conviction. See United States v. Smith, 186 F.3d 290 (3d Cir. 1999) (determining that §2F1.1 (Fraud and Deceit) was most appropriate guideline rather than the listed guideline of §2S1.1 (Laundering of Monetary Instruments)); United States v. Brunson, 882 F.2d 151, 157 (5th Cir. 1989) ("It is not completely clear to us under what circumstances the Commission contemplated deviation from the suggested guidelines for an 'atypical' case.").

The amendment modifies §§1B1.1(a), 1B1.2(a), and the Statutory Index's introductory

commentary to clarify the inter-relationship among these provisions. The clarification is intended to emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction unless the case falls within the limited "stipulation" exception set forth in §1B1.2(a). Therefore, in order for the enhanced penalties in §2D1.2 to apply, the defendant must be convicted of an offense referenced to §2D1.2, rather than simply have engaged in conduct described by that guideline. Furthermore, the amendment deletes Application Note 3 of §1B1.2 (Applicable Guidelines), which provided that in many instances it would be appropriate for the court to consider the actual conduct of the offender, even if such conduct did not constitute an element of the offense. This application note describes a consideration that is more appropriate when applying §1B1.3 (Relevant Conduct), and its current placement in §1B1.2 apparently has caused confusion in applying that guideline's principles to determine the offense conduct guideline in Chapter Two most appropriate for the offense of conviction. In particular, the note has been used by some courts to permit a court to decline to use the offense guideline referenced in the Statutory Index in cases that were allegedly "atypical" or "outside the heartland." See United States v. Smith, supra.

**Effective date:** The effective date of this amendment is November 1, 2000.

592. **Amendment:** Section 2A3.1(b) is amended by adding at the end the following:

> "(6) If, to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct, or if, to facilitate transportation or travel, by a minor or a participant, to engage in prohibited sexual conduct, the offense involved (A) the knowing misrepresentation of a participant's identity; or (B) the use of a computer or an Internet-access device, increase by 2 levels.".

The Commentary to §2A3.1 captioned "Application Notes" is amended in Note 1 by inserting after "For purposes of this guideline —" the following:

> "'Minor' means an individual who had not attained the age of 18 years.
>
> 'Participant' has the meaning given that term in Application Note 1 of the Commentary to §3B1.1 (Aggravating Role).".

The Commentary to §2A3.1 captioned "Application Notes" is amended in Note 1 by inserting after "the base offense level under subsection (a)." the following paragraph:

> "'Prohibited sexual conduct' (A) means any sexual activity for which a person can be charged with a criminal offense; (B) includes the production of child pornography; and (C) does not include trafficking in, or possession of, child pornography. 'Child pornography' has the meaning given that term in 18 U.S.C. § 2256(8).".

The Commentary to §2A3.1 captioned "Application Notes" is amended by redesignating Notes 4 through 6 as Notes 5 through 7, respectively; and by inserting after Note 3 the following: