UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.                               **Case No.:   97 CR 98**

**DAVID A. KADLEC**,

        Defendant.

---

### REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2)

---

The government maintains that Amendment 591 of the Guidelines should not have any impact on the defendant's offense level. In doing so, it argues that the court did refer to the statutory index (Appendix A) to determine the Chapter 2 offense guideline for Racketeering Act 2. In doing so, the Court found that the Wisconsin charge of First Degree Intentional Homicide was most analogous to First Degree Murder in violation of 18 U.S.C. §1111(a).

Amendment 591 changed the language for the statutory index in Appendix A. Prior to the Amendment, U.S.S.G. §1B1.2(a) required the court to determine the guideline section most applicable to the statute of conviction. The Amendment struck the word "most" each place it appeared in U.S.S.G. §1B1.2(a). It did however insert the paragraph referred to in the defendant's brief beginning with the words, "Refer to the statutory index...". The defendant has maintained that the modification of the wording referred to herein

-1-

would prohibit using First Degree Murder as the offense conduct in this matter.

In the Sentencing Commissions Guidelines Manual Supplement to Appendix C, the Commission noted that the promulgation of the amendment was precipitated, in part, to address situations wherein the Court is required to select a Chapter 2 offense conduct guideline which is different than that referenced in statutory appendix A, when its based on factors other than the conduct charged in the offense of conviction. In this case, the Court determined that First Degree Murder was the offense which was most closely analogous to the offense of conviction, First Degree Intentional Homicide. However, as was argued previously, First Degree Murder requires proof of premeditation and First Degree Intentional Homicide, under Wisconsin law, does not. (See attached Wisconsin Criminal Jury Instruction 1010). In *U.S. v. Delaney*, 717 F.3d 553 (C.A.7 2013), the Court described the difference between First Degree Murder and Second Degree Murder:

> "The only difference between the two degrees of murder, sharing as they do the requirement that the murderer had acted with 'malice aforethought,' is, as stated in Section 1111(a) of the Federal Criminal Code, that a first-degree murder, unless committed in the course of perpetrating one (or more) of the crimes, such as arson or robbery (but confusingly including murder), that are specified in the statute, must be 'premeditated'. The exception for killing in the course of perpetrating one of the specified crimes (that is, the exception for felony murder, which is first-degree murder even though there is no intent to kill) is limited to 'deaths resulting from acts of violence committed in the furtherance of particularly dangerous felonies." Guyora

Binder, "The Culpability of Felony Murder," 83 *Notre Dame L.Rev. 965, 978 (2008)*. *Delaney* at 556.

In short, the Court's utilization of First Degree Murder effectively allowed the defendant to be sentenced not on the offense of conviction, but rather upon an act which did not require proof of an element of the offense. If the Court had found that Mr. Kadlec's offense was Second Degree Murder or Manslaughter, his respective guideline would have been 33 or 25. (See U.S.S.G. §2A1.2 or U.S.S.G. §2A1.3).

The resultant effect of Amendment 591 when applied to U.S.S.G. §2E1.1 does not permit the Court to use First Degree Murder as the statutory index offense. The proper base level offense for Count 1, Act 2 would be 19.

Dated at Milwaukee, Wisconsin this 10th day of October, 2013.

Respectfully submitted,

/s/ *Robert G. LeBell*
_____
Robert G. LeBell, SBN 01015710
Attorney for Defendant
309 N. Water Street, Suite 350
Milwaukee, Wisconsin 53202
(414) 276-1233