UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                        Case No. 97-CR-98

DAVID A. KADLEC,

        Defendant.

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin and Carol L. Kraft, Assistant United States Attorney, hereby files a supplementary memorandum in opposition to the defendant's motion to reduce his sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant based his original motion upon a contention that Amendment 591 to the United States Sentencing Guidelines operates to reduce the offense level for Racketeering Act 2 and accordingly, entitles him to be sentenced within a guideline range calculated using the U.S.S.G. § 2E1.1 default offense level of 19. The basis of his argument was that Amendment 591 eliminated the court's discretion to choose a guideline offense level "most" analogous to the crime of conviction. He argued that since the state offense of first degree intentional homicide, which triggered an offense level of 43, was not in the statutory index, the court was compelled to apply the default offense level of 19. In his reply to the government's response to this argument, the defendant appears to take a new tack, now arguing, as his attorney did at sentencing, that the state offense

1

of first degree intentional homicide is not analogous to the federal offense of first degree murder because first degree murder requires a finding of premeditation and the state offense does not. This argument, which was correctly rejected by the court at the time the defendant was sentenced, does not now provide grounds for the sentence relief he seeks.

## DISCUSSION

The statutory penalty for violations of Title 18, United States Code, Section 1962 ultimately controls the outcome of this issue. It is set forth in Title 18, United States Code, Section 1963(a). It provides in relevant part:

> Whoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on racketeering activity for which the maximum penalty includes life imprisonment), or both . . .

Under Wisconsin state law, the crime of first degree intentional homicide in violation of 940.01, Wis. Stats. is a Class A Felony, and pursuant to 939.50(3)(a), Wis. Stats., is punishable by life imprisonment. Accordingly, having been convicted of Racketeering Act, 2, Kadlec was subject to a mandatory statutory penalty of life in prison under Title 18, United States Code, Section 1963(a), as to both Counts One and Two of the indictment.

At the time of the defendant's sentencing, the PSR author calculated Kadlec's total guideline offense level at 45, based on a finding that the base offense level for Racketeering Act 2 (the intentional homicide of Donald Wagner) was 43, and the base offense level for Racketeering Act 10 (the conspiracy to kill Invaders at the Illiana Speedway) was 28, and a resulting grouped offense level of 43. A two-point adjustment for obstruction of justice increased the offense level to 45, and based on criminal history category of IV, Kadlec's guideline range was life, comporting with the statutory penalty of life.

2

In his supplemental objections to the PSR, Kadlec objected to the life sentence penalty for the first degree intentional homicide conviction, arguing, as he does now, that the elements of the state offense did not require premeditation, and that the government did not prove that he had a premeditated intent to kill Donald Wagner, who was shot in the head by co-defendant Randy Miller during the drug robbery that Kadlec arranged and attended. The court rejected the defendant's contention, finding that the murder of Donald Wagner was clearly a first degree murder and that the correct guideline was calculated in the PSR. The court sentenced Kadlec to life in prison. Kadlec did not challenge his sentence on appeal.

Kadlec has no grounds to now challenge his sentence. First, he is incorrect in his assertion that Amendment 591 operated to lower his guideline offense level. Additionally, he is incorrect that under U.S.S.G. §2A1.1, the state offense of first degree intentional homicide is not sufficiently analogous to the federal offense of first degree to support the offense calculation of 43. First Degree Intentional Homicide, in violation of 940.01(1), Wis. Stats., is committed by one who causes the death of another human being with intent to kill that person or another. The Wisconsin pattern jury instruction for First Degree Intentional Homicide, as given to the jury at the defendant's trial, provides in relevant part:

> In order to sustain the charge of first degree intentional homicide, in violation of Wisconsin law, the Government must prove each of the following elements beyond a reasonable doubt as to the particular defendant under consideration.
>
> First, that the defendant, or another for whose conduct he is legally responsible, caused the death of Donald Wagner;
>
> Second, that the defendant, or another form whose conduct he is legally responsible, intended to kill Donald Wagner.
>
> The first element requires that the relation of cause and effect existed between the death of Donald Wagner and the act of the defendant or the other. Before the relation of cause and effect can be found to exist, it must appear that the act of the defendant or the other was a substantial factor in producing the death.

3

The second element requires that the defendant or the other acted with the intent to kill Donald Wagner. Under the Wisconsin Criminal Code, the phrase "with intent to kill" means that a defendant had the mental purpose to take the life of another human being or was aware that the conduct was practically certain to cause the death of another human being.

While the law requires proof of intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense is no more than the mental purpose to kill or an awareness that the conduct was practically certain to cause the death of another, formed on the instant proceeding the act or sometime before that and which continued to exist at the time of the act.

.

Intent to kill must be found as fact before you can find the defendant guilty. You cannot look into a person's mind to find out his intent. You may consider any statements or conduct of the defendant or others parties to the crime which indicate state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sold judges of the facts, and you must not find the defendant guilty unless you are satisfied beyond a reasonable doubt that the defendant, or another form whose conduct he is legally responsible, intended to kill.

Title 18, United States Code, Section 1111(a) sets forth the federal offense of First Degree Murder as follows: Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery, or perpetrated as part of a pattern or practice of assault of torcher against a child or children, or pretreated from a premeditated design, unlawfully and maliciously to effect the death of any humane being other than him who is killed, is murder in the first degree.

The statute does not define the terms "malice aforethought" or "premeditated" and there is no Seventh Circuit Pattern Instruction setting forth the elements of First Degree Murder.

4

Other circuits, however, including the Fifth, Eighth, Ninth, Tenth and Eleventh have such instructions, and a review of their relevant provisions demonstrates that the federal element "malice aforethought" is the equivalent of the state intent, and the requirement that the murder is "premeditated" requires no greater finding than an intent to kill, "formed on the instant proceeding the act or sometime before that and which continued to exist at the time of the act."

The First Degree Murder instructions in these various circuits include the following language:

Fifth Circuit Pattern Jury Instruction

> To kill with "malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the defendant hated the person killed or felt ill will toward the victim at the time.
>
> In determining malice aforethought, you may consider the use of a weapon or instrument and the manner in which the death was caused.
>
> A killing is "premeditated" when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of the intent.

Eighth Circuit Model Criminal Jury Instruction

> As used in these instructions, "malice aforethought" means intent at the time of a killing, willfully to take the life of a human being, or with intent willfully to act in callous and wanton disregard of the consequences of human life; but "malice aforethought does not necessarily imply any ill will, spite or hatred toward the individual killed.
>
> For there to be premeditation the defendant must think about the taking of a human life before acting. The amount of time required for premeditation cannot be arbitrarily fixed. The time required varies as the minds and temperaments of people differ and according to the surrounding circumstances in which they may be placed. Any interval of time between forming the intent to kill, and acting on the intent which is long enough for the defendant to be fully conscious and mindful of what [he] [she] intended and willfully set about to do is sufficient to justify the finding of premeditation.

5

Ninth Circuit Model Criminal Jury Instruction

> To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.
>
> Premeditation means with planning and deliberation. The amount of time needed for premeditation of a killing depends on the person or the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

Tenth Circuit Pattern Criminal Jury Instruction

> To kill with malice aforethought means to kill either deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.
>
> A killing is premeditated what it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

Eleventh Circuit Model Criminal Jury Instruction

> To kill with "malice aforethought" is to intend to take someone else's life deliberately and intentionally, or to willfully act with callous and wanton disregard for human life. It doesn't matter whether the Defendant hated the victim or felt any ill will toward the victim at any time. But the Government must prove beyond a reasonable doubt that the Defendant intended to kill or willfully acted with callous and wanton disregard for the consequences, knowing that a serious risk of serious bodily harm or death would result.
>
> Proof of premeditated intent is required in addition to proof of malice aforethought.
>
> To kill with "premeditated intent" is to kill in cold blood after the accused has had time to think over the matter and formed the intent to kill. There's no exact amount of time that must pass between forming the intent to kill and the killing itself. But it must be enough time for the killer to be fully conscious of having the intent to kill.

Based on the language of these instructions, it is clear that the state's requirement, that is, that the mental purpose to kill must be formed at some time before the act and continue to exist at the time of the act, is sufficiently analogous to the federal directive that the intent to kill must be formed within enough time for the killer to be fully conscious of having the intent to kill. In

6

this case, the court correctly concluded that the offenses are sufficiently analogous to support an offense level 43 under U.S.S.G. § 2A1.1.

Finally, the defendant's reliance on the Seventh Circuit's recent opinion in *United States v. Delaney,* 717 F. 3d 553 (7th Cir. 2013) doesn't support his contention that he is entitled to be resentenced. In *Delaney*, the Seventh Circuit addressed a federal defendant's contention that a jury should have found that he killed his cell mate "in the heat of passion," and therefore convicted him of manslaughter rather than first degree murder. Discussing the "archaic" language of the federal statute in what is essentially dicta, the Court noted that the difference between first and second degree murder under the federal statutes is the formation of the design to kill, an "appreciable time" before the act. But the Court noted that "appreciable," is a vague term and the court approved the district court's jury instruction which directed that, to find the defendant guilty of first degree murder, the jury would have to "find the killing was in cold blood after the defendant had time to think over the matter and form the intent to kill." The instruction went on, "[t]here is no exact amount of time that must pass between forming the intent to kill and the killing itself. But it must be enough time for the killer to be fully conscious of having the intent to kill." The Court also seemed to approve the American Law Institute's Model Penal Code's elimination of the distinction between first and second degree murder, which like the Wisconsin statute, eliminates the need for a jury to ponder the terms "malice aforethought" and "premeditation." In the end, the Court concluded that it need not pursue the issue of degrees of murder, since the issue before it was whether that defendant should have been convicted of voluntary manslaughter.

Finally, even if this court were to conclude that the state offense of first degree intentional homicide is more analogous to the federal crime of second degree murder than first

7

degree murder, such a conclusion does not entitle Kadlec to be re-sentenced at a guideline range calculated upon an offense level 19. Under U.S.S.G. § 2A1.2 (a), the guideline offense level for second degree murder is 38. With the 2-level adjustment for obstruction, the offense level is 40 and with a criminal history category of IV, a defendant is subject to a guideline range of 360 to life. Moreover, in its use of the term "shall," Title 18, United States Code, Section 1963, seems to dictate that were a where a violation of Title 18, United States Code, Section 1962 is based upon activity for which the maximum penalty includes life imprisonment, the statutory term is to be life. *See,* 18 U.S.C. § 1963(a).

In the final analysis, United States Sentencing Guideline Amendment 591 did not operate to lower the defendant's offense level or guideline range. Moreover, even if the court were to determine that Kadlec's Racketeering Act 2 homicide conviction was most analogous to second rather than first degree murder, Title 18, United States Code, Section 1963 provides for the life sentence he received.

## CONCLUSION

Based on the foregoing, Kadlec's motion for a reduction of sentence should be denied.

Dated at Milwaukee, Wisconsin on October 21, 2013.

    Respectfully submitted,

    JAMES L. SANTELLE
    United States Attorney

By:    s/Carol L. Kraft
    CAROL L. KRAFT
    Assistant United States Attorney
    WSB # 1000117
    517 East Wisconsin Avenue
    Milwaukee, WI 53202
    Telephone: 414.297.1700
    Fax: 414.297.1738
    Email: carol.kraft@usdoj.gov

.