UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID A. KADLEC,<br><br>        Defendant. | Case No. 97-CR-98-JPS-10<br><br><br>ORDER |

   On August 26, 2013, the defendant filed a motion for a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2); the defendant argues that a reduction is warranted in light of Amendment 591 to the United States Sentencing Guidelines, which became effective November 1, 2000. (*See* Docket #2058). Specifically, the defendant argues that Amendment 591 changed how his base offense level must be calculated, thus warranting a sentence reduction.

   On August 27, 2013, the Court ordered the government (in consultation with the probation office) to submit a response to the defendant's motion, after which the defendant could file a reply, should he chose to do so. (*See* Docket #2059). The motion was briefed in accordance with the Court's order on October 11, 2013. (*See* Docket #2063). However, on October 21, 2013, the government chose to file a supplemental response to the defendant's reply brief. (*See* Docket #2064). The defendant then moved to strike the government's supplement, arguing that it was neither required nor permitted by the Court's August 27, 2013 briefing order. (*See* Docket #2065).

As will be discussed more fully below, the Court will deny the defendant's motion for a reduction in his sentence and thus will deny as moot the defendant's motion to strike the government's supplemental response.

1. BACKGROUND

    1.1 Facts

The defendant was charged in a multi-count superseding indictment with: (1) conducting or participating in the affairs of an enterprise through a pattern of racketeering activity (Count One), *see* 18 U.S.C. § 1962(c); and, (2) engaging in a racketeering conspiracy (Count Two), *see* 18 U.S.C. § 1962(d). (*See* Docket #793). The defendant was named in three racketeering predicate acts and, as relevant here, Racketeering Act 2 alleged that the defendant and others committed an act involving murder, in violation of Wis. Stat. §§ 940.01(1) and 939.05. (*See* Docket #2058-1 at 1); (Docket #2060 at 1). In June 2000, a jury found that two of the three racketeering predicate acts were proven as to the defendant—including Act 2—and found him guilty of Counts One and Two of the superseding indictment. (Docket #2058 at 1); (Docket #2060 at 2).

The defendant was sentenced on October 12, 2000. For Count One, Racketeering Act 2, the Court adopted the sentencing guideline recommendations submitted by the probation department in the Pre-Sentence Report ("PSR"). (*See* Docket #1922 at 7-8). The PSR guideline recommendation states:

> The guideline for violations of 18 U.S.C. §§ 1962(c) and (d) is found in U.S.S.G. §§ 2E1.1(a)(1) and (2) which states the base offense level is 19 or the offense level applicable to the underlying racketeering activity, whichever is higher…
>
> …

> The underlying conduct for [Racketeering] Act 2, conspiracy to commit murder, is in violation of Sections 940.01(1) and 939.05(1) of the Wisconsin Statutes. Act 2 is a murder in the first degree and found in U.S.S.G. § 2A1.1, which has a base offense level of 43.

(*See* PSR ¶¶ 135, 136). When all of the racketeering acts the defendant was found guilty of were combined and adjusted pursuant to U.S.S.G. § 3D1.4, the defendant's base offense level remained 43. *Id.* at ¶ 148-154. After tacking on an adjustment for obstruction of justice, the defendant's total offense level was 45. *Id.* at ¶ 158.

During the sentencing hearing, the defendant objected to the use of U.S.S.G. § 2A1.1 for Racketeering Act 2; namely, he argued that "the most analogous federal offense," under U.S.S.G. § 2E1.1 appl. n.2, was second degree murder or manslaughter, requiring use of § 2A1.2 or § 2A1.3, respectively, to determine his base offense level. (*See* Docket #1922 at 15); (Docket #2058-1 at 4, 5). According to the defendant, he did not play a substantial role in the killing and had no premeditated intent to kill. (*See, e.g.,* Docket #1922 at 22); (*see also* Docket #2058-1 at 5) ("It was defense counsel's position that utilization of the First Degree Murder guideline (43) was inappropriate because there was no indication that the defendant…had an intent to kill."). The Court overruled the defendant's objection, finding that the defendant was "intimately involved" in the offense, *id.* at 23, and went to the site of the murder with "full knowledge and intent" that the victim "was never going to live to tell about this," *id.* at 19.

Based on the foregoing, the defendant received a life sentence for Count One and another life sentence for Count Two, which were to be served concurrently. (*See* Docket #1676).

### 1.2 Overview of Amendment 591

Amendment 591 "modified the guidelines to require that sentencing courts apply the Chapter 2 offense guideline from the Statutory Index, *see* U.S.S.G. app. A, corresponding to the statute of conviction." *United States v. Hardamon*, 167 Fed. Appx. 571, 573 (7th Cir. 2006) (citing *United States v. Kosmel*, 272 F.3d 501, 507 (7th Cir. 2001)). "Previous practice allowed sentencing courts to select a Chapter 2 offense guideline based on the defendant's actual conduct, even if that conduct did not result in conviction." *Id.* (citing *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) and *United States v. Rivera*, 293 F.3d 584, 585 (2d Cir. 2002)).

While the defendant was sentenced prior to the effective date of Amendment 591 (October 12, 2000, to be exact), the amendment is retroactive pursuant to U.S.S.G. §1B1.10, and thus is a permissible basis for the defendant's § 3582(c)(2) motion. *See United States v. Shipp,* 41 Fed. Appx. 884, 884 (7th Cir. 2002) ("Section 1B1.10 of the guidelines identifies the amendments for which a subsequent reduction in prison sentence would be consistent with the policy of the Sentencing Commission, and Amendment 591 is included in the list. Amendment 591, therefore, is a proper basis on which to make a § 3582(c) motion."); *United States v. Hardamon*, 167 Fed. Appx. 571, 573 (7th Cir. 2006) (same).

### 2. DISCUSSION

#### 2.1 The Defendant's § 3582(c)(2) Motion

The defendant's § 3582(c)(2) motion argues that Amendment 591 changed how his base offense level must be calculated, therefore permitting a reduction in his sentence. (*See* Docket #2058-1). The defendant's argument in his initial brief is woefully inadequate, however, and argues rather circuitously and confusingly that the Court's decision to "follow the dictate

of § 2E1.1 and use the greater of the two offense levels [was] inconsistent with and defeats the purpose of Amendment 591." (Docket #2058-1). The defendant seems to be arguing—as best the Court can tell—that because Amendment 591 does not allow uncharged conduct to be used to select the offense guideline, and he believes there was insufficient evidence to show premeditation, this should result in the Court defaulting to the base offense level of 19 stated in § 2E1.1(a)(1).

The substance of the defendant's argument becomes clearer in his reply; that said, his argument also takes a noticeable shift. (*See* Docket #2063). Namely, the defendant argues that Amendment 591 changed the language in U.S.S.G. § 1B1.2(a), and that language "prohibit[s] using First Degree Murder as the offense conduct." (Docket #2063 at 2). This is so, according to the defendant, because §1B1.2(a) was amended from "most applicable" to "applicable," and thus courts are constrained to apply the Statutory Index and determine the offense guideline based on the actual conviction of the defendant, and not uncharged conduct. *Id.* at 2-3. Thus, the defendant argues, "[t]he resultant effect of Amendment 591 when applied to U.S.S.G. § 2E1.1 does not permit the Court to use First Degree Murder as the statutory index offense" because that crime requires malice aforethought and the Wisconsin statutes the defendant was convicted under for Racketeering Act 2—first degree intentional homicide (party to a crime), *see* Wis. Stat. §§ 940.01(1) and 939.05—do not require malice aforethought. (Docket #2063 at 2-3). What all of this means, according to the defendant, is that Amendment 591 modified § 2E1.1 to disallow use of analogous crimes under § 2E1.1 appl. n.2, and thus the default base offense level of 19 applies to the defendant's conduct.

The government filed a response (Docket #2060), and a supplemental response to the defendant's reply (Docket #2064). In the latter, the government points out the shift in the defendant's argument, noted above, stating that the defendant originally argued that "since the state offense of first degree intentional homicide…was not in the statutory index, the Court was compelled to apply the default offense level of 19," but in the defendant's reply he "appears to take a new tack" and now argues "as his attorney did at sentencing, that the state offense of first degree intentional homicide is not analogous to the federal offense of first degree murder" because the latter requires malice aforethought and the former does not. *Id.* at 1-2. The government then goes on to argue, at length, why the Wisconsin first degree intentional homicide statute, *see* Wis. Stat. § 940.01(1), and the federal first degree murder statute, *see* 18 U.S.C. § 1111, are analogous; the government also argues that the defendant's assertion that Amendment 591 modified U.S.S.G. § 2E1.1 is erroneous. (*See* Docket #2064 at 2-8).

The Court need not elaborate further on the parties' arguments because neither party cited to or discussed the relevant and convincing case law that directly forecloses the defendant's request for relief.[1] Indeed, that

---

[1] Confusion over the scope of Amendment 591, which appears to be the case here, is a common theme. *See Rivera*, 293 F.3d at 585 ("The logical defect in Rivera's petition is that it confuses…the applicable *offense guideline* with…*the base offense level* within that applicable offense guideline."); *United States v. Grecco*, 342 Fed. Appx. 739, 745 (3d Cir. 2009) (noting that the defendant gave Amendment 591 "short shrift, relying instead on provisions of the Guidelines which were not affected by Amendment 591"); *United States v. Standiford*, 129 Fed. Appx. 304, 305 (7th Cir. 2005) (noting that the defendant "appears to misunderstand the effect of [Amendment 591]"); *Hayes v. United States*, 141 Fed. Appx. 463, 464 (7th Cir. 2005) ("Hayes misunderstands Amendment 591.").

case law provides a simple resolution to the defendant's motion. The Court now turns to that discussion.

### 2.2 Analysis

To begin, it is critical to note what Amendment 591 governs and what it does not. As stated by the Second Circuit in *Rivera*, any argument that Amendment 591 "governs the selection of the base offense level within the offense guideline selected from the Statutory Index" is mistaken. 293 F.3d at 586. Such an argument "confuses two distinct steps taken to arrive at a guidelines sentence: [1] selection of the applicable *offense guideline*, and [2] selection of the *base offense level* within that applicable offense guideline." *Id.* "The plain wording of Amendment 591 applies *only* to the choice of the applicable offense guideline, and not to the subsequent selection of the base offense level." *Id.; accord United States v. Minicone*, 347 Fed. Appx. 637, 638 (2d Cir. 2009); *see United States v. Hurley*, 374 F.3d 38, 40-41 (1st Cir. 2004) (same)*; United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("We agree with the reasoning of our sister circuits and hold that…Amendment 591 only applies to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline…"); *United States v. Jones*, 143 Fed. Appx. 526, 528 (4th Cir. 2005) ("Amendment 591 does not impact how the base offense level is calculated within the appropriate guideline. Instead, Amendment 591 affects which guideline will be used in determining the base offense level."); *United States v. Gonzalez*, 401 Fed. Appx. 727, 729 (3d Cir. 2010) (same)*; United States v. Grecco*, 342 Fed. Appx. 739, 744-747 (3d Cir. 2009) (same).

And, the Seventh Circuit has cited *Rivera* and *Hurley* favorably, albeit in non-precedential orders, for the same proposition. *See Hayes v. United States*, 141 Fed. Appx. 463, 464 (7th Cir. 2005) (noting that Amendment 591

"merely instructed courts how to select an offense guideline in Chapter 2 of the manual," but "did not prohibit the practice of using relevant conduct to calculate an offense level") (citing *Hurley*, 374 F.3d at 40-41 and *Rivera*, 293 F.3d at 586-87); *see also Shipp*, 41 Fed. Appx. at 884 (same, citing *Rivera*).

Accordingly, when a § 3582(c)(2) motion is brought under Amendment 591, a defendant is entitled to relief *only* when the court selected "an offense guideline based on actual conduct not underlying the offense of conviction." *Rivera*, 293 F.3d at 587.

Based on the foregoing, Amendment 591 is of no help to the defendant. Namely, the Court used the offenses the defendant was convicted of—racketeering and conspiracy to commit racketeering, 18 U.S.C. §§ 1962(c), and (d)—to select the corresponding (and still correct) offense guideline in the Statutory Index—U.S.S.G. § 2E1.1. *See* U.S.S.G. §1B1.2(a); U.S.S.G. Statutory Index (Appendix A). That is all the defendant is entitled to under Amendment 591—nothing more. *See Grecco*, 342 Fed. Appx. at 746 (stating that if a district court "correctly selected the appropriate offense guideline for the statute of conviction using the Statutory Index," then "the Amendment 591 analysis stops there"). Indeed, in racketeering cases similar to the instant matter, courts have held that the *application of* § 2E1.1—including cross-referencing the underlying racketeering activity— falls outside the scope of Amendment 591. *See Hurley*, 374 F.3d 38, 40-41; *Minicone*, 347 Fed. Appx. at 638; *Grecco*, 342 Fed. Appx. at 746-47; *Gonzalez*, 401 Fed. Appx. at 729.[2]

Consequently, the remainder of the defendant's argument concerning the Court's determination of his base offense level—*i.e.* whether the use of

---

[2]Indeed, the Second Circuit in *Grecco* was faced with an identical argument in a factually indistinguishable case, and rejected it for the same reasons. 342 Fed. Appx. at 744-47.

§ 2A1.1 is warranted for first degree intentional homicide under Wis. Stat. §§ 940.01(1) and 939.05—is not cognizable in an 18 U.S.C. §3582(c)(2) motion made pursuant to Amendment 591. *See Minicone*, 347 Fed. Appx. at 638 ("Minicone does not argue [in his § 3582(c)(2) motion]...that the sentencing court erred in its selection of U.S.S.G § 2E1.1 as the applicable *offense guideline.* Rather, he argues that the court erred in its application of § 2E1.1(a)(2) in calculating his *base offense level.* This argument is beyond the scope of Amendment 591..."); *Grecco*, 342 Fed Appx. at 746-47 ("Because Amendment 591 does not impact the District Court's subsequent application of the USSG § 2E1.1(a)(2) cross reference for 'underlying racketeering activity,' it has no bearing on the sentencing errors alleged...and, therefore, provides no basis for a [sentence] reduction...pursuant to 18 U.S.C. § 3582(c)(2)."); *Hurley*, 374 F.3d at 40.[3]

Furthermore, while the Seventh Circuit has not addressed U.S.S.G. § 2E1.1 in light of Amendment 591, its decisions interpreting Amendment 591 in other contexts are in accord with this Court's holding. *See United States v. Johnson*, 560 Fed. Appx. 617, 618 (7th Cir. 2014)*; United States v. Standiford*, 129 Fed. Appx. 304, 305-06 (7th Cir. 2005)*; Hardamon*, 167 Fed. Appx. at 573; *Hayes*, 141 Fed. Appx. at 464; *Shipp*, 41 Fed. Appx. at 884.

Finally, even were the Court to consider the defendant's argument that 18 U.S.C. § 1111 is not analogous to Wis. Stat. §§ 940.01(1) and 939.05, thus precluding the use of U.S.S.G. § 2A1.1, the defendant's motion would

---

[3]Or, to state it a slightly different way, Amendment 591 did not alter § 2E1.1 (or its application), nor did Amendment 591 modify the Statutory Index; thus, all of the defendant's arguments that flow from the Court's use and application of § 2E1.1 provide no basis for relief. *See Hurley*, 374 F.3d at 40; *Grecco*, 342 Fed. Appx. at 745, 746-47; *Gonzalez*, 401 Fed. Appx. at 729.

still fare the same. In *United States v. Carr*, 424 F.3d 213 (2d Cir. 2005), the Second Circuit was faced with, and rejected, a similar argument concerning a New York murder statute. *Id.* at 230-31. Discussing that argument, the court stated:

> Carr contends that the district court erred in applying the base offense level for the federal offense of first degree murder. One of the underlying racketeering acts for which Carr was found guilty was second-degree murder under New York Penal Law. The Guidelines required the district court to apply the base offense level for the "analogous federal offense" in order to calculate Carr's base offense level…. U.S.S.G. § 2E1.1, appl. n. 2 ("If the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used."). Carr argues that because second-degree murder under New York law requires only that he "unlawfully, intentionally and knowingly" [committed] murder[], the "analogous federal offense" could not be first-degree murder, since that requires a finding of "malice aforethought," *see* 18 U.S.C. § 1111(a). However, as we made clear in considering a virtually identical challenge in *United States v. Minicone*, 960 F.2d 1099 (2d Cir.), *cert. denied*, 503 U.S. 950 (1992), "the district court did not err in concluding that the most analogous federal offense [to the New York offense of second degree murder] was first degree murder under [18 U.S.C.] § 1111," *id.* at 1110. "[T]he absence of reference to premeditation or malice aforethought [in the state law] does not mean that federal first degree murder is not the most analogous federal offense." *United States v. Diaz*, 176 F.3d 52, 123 (2d Cir.), *cert. denied sub nom. Rivera v. United States*, 528 U.S. 875 (1999). We therefore conclude that Carr's argument in this regard is without merit.

*Id.*; *accord Minicone*, 347 Fed. Appx. at 638-39; *see also Gonzalez*, 401 Fed. Appx. at 729. The Court finds the Second Circuit's analysis persuasive in this regard. Thus, were the Court to reach this issue—which, again, it need not do to resolve the defendant's motion—the Court would nevertheless find its use of U.S.S.G. §2A1.1 proper.

3. CONCLUSION

For all of the reasons noted above, the Court is obliged to deny the defendant's motion for a reduction in his sentence (Docket #2058). Having reached this result, the Court will also deny as moot the defendant's motion to strike the government's supplemental response (Docket #2065).

Accordingly,

IT IS ORDERED that the defendant's motion for a reduction in his sentence, made pursuant to 18 U.S.C. § 3582(c)(2) (Docket #2058), be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the defendant's motion to strike the government's supplemental response (Docket #2065) be and the same is hereby DENIED as moot.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge