UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID A. KADLEC,<br><br>Defendant. | Case No. 97-CR-98-10-JPS<br><br>**ORDER** |

On December 7, 2021, Defendant filed a motion for compassionate release. (Docket #2266). The Government responded to this motion, arguing, in part, that Defendant failed to exhaust his administrative remedies. (Docket #2275). For the reasons explained below, the Court will deny Defendant's motion without prejudice.

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [(the "BOP")] to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

"Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). One purpose of the exhaustion requirement is to ensure that the BOP has an opportunity to articulate its decision and rationale vis-à-vis a defendant's specific request for compassionate release, thus giving the

district court the benefit of the BOP's input. *See id.* at 1180 (noting that district courts are "expect[ed] . . . [to] give the [BOP] Director's analysis substantial weight, even though under the First Step Act the Director's views are not controlling"). Against that reasoning, the Seventh Circuit has concluded that an inmate seeking compassionate release must exhaust his administrative remedies as to *each* reason on which he seeks compassionate release with the district court. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

Here, as the record now stands, Defendant does not show that he has exhausted his administrative remedies on anything other than the potential effects of COVID-19 on his health. Defendant's July 2020 request to the warden seeks release based only on Defendant's perception that he is at high risk from the complications of COVID-19 based on his age, hypertension and sinus issues, and overall deteriorating health. His motion to the Court raises different concerns, including a claim of substandard medical care and the lingering effects from injuries he suffered in an April 2021 assault. Thus, the Court can consider only the potential effects of COVID-19 on Defendant's health.

The outbreak of COVID-19, together with underlying medical conditions that place a defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Defendant suffers from a list of health conditions, including hypertension, which appears on the Centers for Disease Control and Prevention's list of conditions that can make a

person more likely to get severely ill from COVID-19.[1] But the Court need not wade too deep into Defendant's medical history.

Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged 16 years and older.[2] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[3] Quickly, it is becoming well-settled law in the Seventh Circuit that, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). On the basis of COVID-19 alone, the Court must deny Defendant's motion.

Still though, the Court cannot ignore the list of Defendant's other health conditions. The Court instructs that Defendant may reattempt to

---

[1] *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 22, 2022).

[2] FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[3] *See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

exhaust his administrative remedies with his institution. Thereafter, he can bring a new motion for compassionate release.

Given the likelihood that Defendant pursues proper exhaustion in this matter, and in light of Federal Defender Services of Wisconsin, Inc.'s request that the Court appoint counsel in this matter, (Docket #2268), the Court will refer the case to Magistrate Judge Stephen C. Dries to appoint counsel in this matter.

Accordingly,

**IT IS ORDERED** that Defendant David A. Kadlec's motion for compassionate release (Docket #2266) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the parties' motions to seal (Docket #2264, #2274) be and the same are hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this matter be referred to Magistrate Judge Stephen C. Dries for appointment of counsel.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge