# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>DAVID A. KADLEC,<br><br>         Defendant. | Case No. 97-CR-98-10-JPS<br><br>**ORDER** |

  On December 7, 2021, Defendant filed a motion for compassionate release and a motion to appoint counsel. ECF No. 2266. The Court referred the motion to Federal Defender Services of Wisconsin, Inc. ("FDS") for review. ECF No. 2267. On January 11, 2022, FDS informed the Court that it has a conflict in this matter, but requested that the Court order the appointment of counsel. ECF No. 2268. On February 14, 2022, the Government responded to the motion, arguing, in part, that Defendant failed to exhaust his administrative remedies. ECF No. 2275.

  After reviewing the record, on February 23, 2022, the Court denied Defendant's motion without prejudice. ECF No. 2277. The Court held that "Defendant does not show that he has exhausted his administrative remedies on anything other than the potential effects of COVID-19 on his health"; nonetheless, his motion "raises different concerns, including a claim of substandard medical care and the lingering effects from injuries he suffered in an April 2021 assault." *Id.* at 2. Because an inmate seeking compassionate release "must exhaust his administrative remedies as to *each* reason on which he seeks compassionate release," the Court instructed Defendant that he may reattempt to exhaust his administrative remedies

and then "bring a new motion for compassionate release." *Id.* at 2, 4 (citing *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021)). The Court also referred the matter to Magistrate Judge Stephen C. Dries for appointment of counsel. *Id.* Thereafter, Attorney Kathleen Quinn was appointed to represent Defendant with respect to any future motion for compassionate release. ECF No. 2279.

Now before the Court is Defendant's renewed motion for compassionate release, filed pro se, as well as a motion to appoint new counsel.[1] ECF No. 2305. The renewed motion for compassionate release is two pages long. *Id.* Therein, Defendant explains that he has now exhausted his administrative remedies, and lists four brief allegations regarding the conditions at his institution. *Id.* Thus, the Court is left unsure as to whether the newly-filed document is intended to be a standalone motion for compassionate release, or a supplement to the prior motion for compassionate release. If it is the latter, Defendant must re-file within thirty (30) days the motion with all of its component parts within one document. If it is the former, Defendant must so inform the Court within thirty (30) days. With either filing, Defendant must include proof of his administrative exhaustion so that the Court may satisfy itself that the defects present in the earlier motion have been resolved.

Once Defendant has either re-filed the motion with all of its component parts within one document, or filed a statement informing the Court that his renewed motion is to stand alone (and, in either case,

---

[1] In support of his motion to appoint new counsel, Defendant avers that (1) his counsel has scheduled multiple phone calls with him, but did not call; (2) his counsel scheduled multiple appointments with him, but did not keep them; and (3) his counsel repeatedly informed him that she would send him a copy of the Government's response to his motion, but never did so. ECF No. 2305 at 2.

accompanied by proof of administrative exhaustion), the Court will consider Defendant's motion to appoint new counsel.

Accordingly,

**IT IS ORDERED** that Defendant, within **thirty (30) days**, either re-file his motion for compassionate release with all of its component parts within one document, or inform the Court that his renewed motion is intended to standalone, and in either case accompany the filing with proof of administrative exhaustion. If Defendant does not do so, the Court will deny the pending newly-filed two-page motion, ECF No. 2305, without prejudice.

Dated at Milwaukee, Wisconsin, this 7th day of September, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge