UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      Case Number 97-cr-98

DAVID KADLEC,

          Defendant.

_____

**MOTION FOR AN ORDER ALLOWING COUNSEL TO PROVIDE TO ANDREW GELTZER A COPY OF THE UNITED STATES' RESPONSE TO DAVID KADLEC'S *PRO SE* MOTION FOR SENTENCE REDUCTION (FILED UNDER SEAL)**

_____

The defendant, David Kadlec, by his counsel, Kathleen M. Quinn, hereby moves the Court for an order allowing me to provide to the preparer of Mr. Kadlec's *pro se* motion for sentence reduction, Mr. Andrew Geltzer, a copy of the government's (sealed) response to the motion for sentence reduction.

As grounds for this motion, the Court is shown the following:

On December 7, 2021, Mr. Geltzer, filed "David Kadlec's *Pro Se* Expedited Motion for Compassionate Release Based on 18 U.S.C. § 3582(C)(1)(A); Motion for Phone Recordings; and Motion to Appoint Counsel." (Doc. 2266).

On December 13, 2021, the Court referred the motion to the Federal Defender Services of Wisconsin, Inc. ("FDS"). (Doc. 2267). On January 11, 2022, FDS requested the Court appoint counsel. (Doc. 2268).

1

On January 21, 2022, the Court ordered the government to submit a response to the Defendant's *pro se* motion after which the Court would determine whether appointment of counsel would be appropriate. (Doc. 2270). On February 14, 2022, the government filed its response (Doc. 2275) and a motion for an order sealing the government's response (Doc. 2274).

In its response, the government argued, in part, that Mr. Kadlec failed to exhaust his administrative remedies - - a requirement before a Court can consider modifying a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). On February 23, 2022, the Court issued an order (Doc. 2277) by which it denied Mr. Kadlec's motion for compassionate release (Doc. 2266) without prejudice; granted the parties' motions (Docs. 2264 and 2274) to seal their respective submissions; and referred the matter to Magistrate Judge Stephen C. Dries for appointment of counsel. (Doc. 2277).

On February 24, 2022, Magistrate Judge entered an order directing FDS to seek counsel to represent Mr. Kadlec with respect to any future motion for compassionate release. (Doc. 2278). Thereafter, on April 6, 2022, I was appointed to represent Mr. Kadlec. (Doc. 2279).

Since my appointment, Mr. Geltzer has continued to be a steadfast friend and advocate for Mr. Kadlec, including filing on Mr. Kadlec's behalf on September 7, 2022, a renewed motion for compassionate release, filed *pro se*, and to appoint new counsel. (Doc. 2305). The Court entered an order, (Doc. 2306), on the same date. In that order, the Court expressed uncertainty as to whether Doc. 2305 "is intended to be a standalone motion for compassionate release, or a supplement to the prior motion for compassionate

release," and providing alternative courses for the defense to pursue within thirty (30) days of the order, in order to clear up this uncertainty.

Since the entry of the Court's September 7, 2022 order, I have been able to speak to Mr. Kadlec and I have had email communications with Mr. Geltzer. I believe both men will make a better decision as to how to respond to the Court's order (Doc. 2306) if Mr. Geltzer is able to review the government's responsive pleading (Doc. 2275) which is currently under seal. That is the reason for this motion.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2022.

Respectfully submitted:

*/s/ Kathleen M. Quinn*, **SBN 1025117**
Attorney Kathleen M. Quinn, LLC
324 E. Wisconsin Avenue, Suite 1410
Milwaukee, WI 53202
414-765-2373 Fax: 414-272-1435
Email: quinnkathleen@4law.com